IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FUSION ENERGY, LLC and WILLIAM SCOTT COURT, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:11-cv-1558 |
| CHRISTOPHER FAULKNER and BREITLING OIL AND GAS CORPORATION, | § § § § § | Jury Trial Requested |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Fusion Energy, LLC ("Fusion") and William Scott Court ("Court") (collectively, the "Plaintiffs") file this Original Complaint against Christopher Faulkner ("Faulkner") and Breitling Oil and Gas Corporation ("Breitling") (collectively, the "Defendants"), and would respectfully show the Court as follows:

### I.

### PARTIES

1. Fusion is a limited liability company organized under the laws of Texas with its principal place of business in Dallas, Dallas County, Texas.

2. Court is an individual who resides in Collin County, Texas.

3. Faulkner is an individual who maintains his office and principal place of business in Irving, Dallas County, Texas. Faulkner may be served with process at his place of business, Breitling Oil and Gas Corporation, 2300 Valley View Lane, Suite 334, Irving, Texas 75062.

4. Breitling is a corporation organized under the laws of Texas with its principal place of business in Irving, Dallas County, Texas. Breitling may be served with process by service on its registered agent, Christopher Faulkner, at 2300 Valley View Lane, Ste. 334, Irving, Texas 75062.

## II.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

6. This Court has supplemental jurisdiction over the claims in this Complaint that arise under statutory and common law of the State of Texas pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b), as Defendants reside and conduct business within this district.

8. Faulkner is subject to personal jurisdiction of this Court by virtue of his contacts with the State of Texas because he both resides and works in Texas. Breitling is subject to personal jurisdiction of this Court by virtue of its contacts with the State of Texas, Breitling is incorporated under the laws of Texas, and operates its principal place of business in Texas.

## III.

## FACTS APPLICABLE TO ALL COUNTS

9. Fusion is an independent oil and natural gas exploration and production company that has operated under the trade name and service mark FUSION since at least as early as April 2, 2007. Court is the President and Chief Executive Officer of Fusion. Fusion is the owner of certain intellectual property, including without limitation, United States Trademark

Application Serial Number 85/295,583, common law trademark and service mark rights, trade name, trade dress, goodwill, publicity, copyright, and other legal and equitable rights connected with Fusion's business.  Fusion invests significant resources in the continued development of these rights and in the maintenance of Fusion's standards of quality and uniformity of services connected with its rights.

10. Breitling is a competitor of Fusion, and Breitling and Fusion often directly compete for business.  Upon information and belief, Faulkner is the president and owner of Breitling.  At all times relevant to this lawsuit, Faulkner acted for the express benefit of Breitling and in the course and scope of his employment with Breitling.  Apparently frustrated with their lack of success in competing fairly for business with Fusion, Faulkner and Breitling began a smear campaign in or about February 2011 to deceive potential customers, disparage Fusion's business, defame Fusion and Court, and gain an unfair competitive advantage for Defendants' business.

11. In furtherance of this smear campaign against Plaintiffs, Faulkner acquired at least two websites using variations of "Fusion" and "Oil and Gas" as the domain names - "fusionoilandgas.com" and "fusionoilandgas.blogspot.com" (the "Infringing Domain Names"). Using these websites, Defendants began publishing defamatory, false, and malicious information regarding Court and the business of Fusion on the internet, as described below.  Not satisfied with these two websites, Defendants also began publishing similar defamatory, false, and malicious information on numerous document sharing websites, including Scribd, KeepAndShare, and Doxtop (with the Infringing Domain Names, collectively, the "Websites").

12. Defendants situated the uniform research locators ("URLs") and search results so that if a member of the public or potential customer used a search engine (such as Google or Yahoo) to search for the name "Scott Court," "Fusion Energy," or "Fusion Oil and Gas," the

Websites would be the first few that would be published by the search engine. The URLs associated with the Infringing Domain Names falsely indicated that the websites were owned, operated, or affiliated with Fusion, and appeared to be content published by Fusion itself.

13. The Websites do not serve any legitimate purpose. Rather, the Websites' purposes are to misleadingly divert Fusion's customers and potential customers to the Websites. Upon initial viewing, the websites located at the Infringing Domain Names appear to be owned, operated, and/or affiliated with Fusion. At closer inspection, the Websites generally and the Infringing Domain Names appear to the general viewing public to be operated by former investors with Fusion. As Defendants state in the fusionoilandgas.blogspot.com website: "I was ripped off by this company in an oil and gas investment I did with them. I later found out their CEOs past and I plan to share it now with everyone who will listen - BE WARNED this guy has no business in a financial services firm." (Emphasis in original). The content of the Websites is highly derogatory and abusive toward Plaintiffs and intended to dissuade customers and potential customers – for whom Plaintiffs and Defendants directly compete – from doing business with Plaintiffs. The Websites contain false and material misrepresentations, including references that "[t]he State of Alabama has banned William Scott Court and Fusion Energy LLC (Fusion Oil and Gas) in Dallas, TX from contacting ANY resident or attempting to sell oil and gas investments." (Emphasis in original).

14. Defendants' intended purpose to disparage Plaintiffs' business and unfairly compete against Plaintiffs is further evidenced by Defendants' statements regarding investing with Plaintiffs: "His intentions with your investment should be questioned greatly. Why would a convicted drug user be raising capital from the public? Do you want to invest your money with someone who has served HARD PRISON TIME on multiple occasions for **cocaine possession, marijuana possession and assault with bodily injury?** Do not invest with Fusion Energy

then." (Emphasis in original). Defendants' false and misleading statements also include representations that the Defendants were former investors with Fusion that were "ripped off," that Plaintiffs are under investigation by the Securities and Exchange Commission, and that Plaintiffs are "raising money on unregistered securities and ripping people off."

15. As a result of Defendants' unlawful activities, Plaintiffs have suffered actual and special damages.

16. Defendants attempted to disguise the author of the information on these Websites, privately registering the Infringing Domain Names to a fictitious "Nathan Vaughn" with an email address of nathanvaughn999@gmail.com and an address in Cheyenne, Wyoming that provides mail service and forwarding. Through pre-suit discovery, Plaintiffs learned that the owner and author of the Websites accessed the Websites through a statically assigned Internet Protocol ("IP") address assigned to Breitling. This account, opened in September 2009, lists the account address as Defendants' principal office. Additionally, the owner and author of the Websites accessed the Websites through a second IP address registered to the same address as Defendants' principal office in Irving, Texas.

17. Furthermore, the same "Nathan Vaughn" user name and associated email account also created other malicious websites regarding other competitors, including Roberts Investment Group. Based on metadata and other evidence regarding the smear campaign of "Nathan Vaughn" against Roberts Investment Group, Roberts Investment Group filed suit against Faulkner and Breitling in April 2011 for creating false, misleading, and defamatory websites using the same screen names and document sharing websites. *See* Civil Action No. 3:11-cv-00724-P; *T & E Investment Group, LLC d/b/a Roberts Investment Group and Timothy Roberts v. Christopher Faulkner, Breitling Oil and Gas Corporation, Parker Hallam, and Dustin*

*Rodriguez a/k/a Michael Miller*; In the United States District Court for the Northern District of Texas, Dallas Division.  This suit is currently pending.

18. Plaintiffs bring the following causes of action against Defendants, and ask the Court to grant all relief to which they are justly entitled.

### IV.

### CAUSES OF ACTION

**A.   First Cause of Action: Trademark and Trade Name Infringement and False Designation of Origin Under the Lanham Act**

19. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 18 above.

20. Defendants' use of the FUSION mark and/or confusingly similar marks falsely indicates to consumers that the Websites originate from, are approved by, are sponsored by, are licensed by, and/or are affiliated with Fusion or are otherwise associated with Fusion's oil and gas business.

21. Defendants' unauthorized use of the FUSION mark and/or confusingly similar marks in the manner described above is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of Fusion by suggesting some affiliation, connection, or association of Fusion with the Websites.

22. Furthermore, Defendants have affixed, applied, annexed, and used in connection with the Websites a false designation of origin and a false description or representation, including words or symbols, intending falsely to describe or represent that Fusion is affiliated, connected, or associated with the Websites.

23. Defendants' use of Fusion's trademark and trade name in connection with their Websites also caused dilution of Fusion's trade name and trademark.

---

**PLAINTIFFS' ORIGINAL COMPLAINT**                                                                                           **PAGE 6**

24. Defendants' actions, as set forth above, constitute trademark infringement and false designation of origin, in violation of the Lanham Act, 15 U.S.C. § 1125(a), for which Fusion now sues.

25. Plaintiffs are informed and believe, and on that basis allege, that Defendants have unfairly profited from the infringing actions alleged.

26. By reason of Defendants' acts, Fusion has suffered damage to the goodwill associated with the FUSION mark.

27. Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Fusion and its FUSION mark.

28. Defendants' activities have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

29. By reason of Defendants' acts, Fusion's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Fusion is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

30. By reason of Defendants' willful acts, Fusion is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

31. This is an exceptional case making Fusion entitled to an award of attorneys' fees under 15 U.S.C. § 1117.

**B.     Second Cause of Action: Cybersquatting Under the Lanham Act**

32. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 31 above.

33. Faulkner, either individually or on behalf of Breitling, registered, trafficked in and used, and continue to use the domain names "fusionoilandgas.com" and "fusionoilandgas.blogspot.com," all of which are identical to or confusingly similar to Fusion's

distinct marks and trade names. Defendants had actual and/or constructive knowledge of Fusion's use and ownership of the trade names and trademarks relating to Fusion's business enterprise.

34. The Infringing Domain Names are confusingly similar to the FUSION mark and Fusion's trade names.

35. Plaintiffs are informed and believe, and on that basis allege, Defendants registered, trafficked in, or used the Infringing Domain Names with a bad faith intent to profit from Fusion's FUSION mark.

36. Plaintiffs are informed and believe, and on that basis allege, that Defendants do not have any intellectual property rights or any other rights in the FUSION mark.

37. Plaintiffs are informed and believe, and on that basis allege, that none of the Infringing Domain Names consist of the legal name of any Defendant, nor a name that is otherwise commonly used to identify any Defendant.

38. Plaintiffs are informed and believe, and on that basis allege, that Defendants have not made any prior use of any of the Infringing Domain Names in connection with the *bona fide* offering of any goods or services.

39. Plaintiffs are informed and believe, and on that basis allege, that Defendants have not made any *bona fide* noncommercial or fair use of the FUSION mark on a website accessible under any of the Infringing Domain Names.

40. Plaintiffs are informed and believe, and on that basis allege, that Defendants registered and used the Infringing Domain Names with the intent to divert consumers from Fusion's website to the Websites accessible under the Infringing Domain Names for Defendants' commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Websites.

41. Plaintiffs are informed and believe, and on that basis allege, that Defendants registered multiple domain names which Defendants know are identical or confusingly similar to marks of others that were distinctive at the time of registration of the Infringing Domain Names.

42. Defendants' registration, use, or trafficking in the Infringing Domain Names constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling Fusion to relief.

43. By reason of Defendants' acts alleged herein, Fusion's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Fusion is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

44. By reason of Defendants' acts alleged herein, Fusion is entitled to recover Defendants' profits, actual damages and the costs of the action, or statutory damages under 15 U.S.C. § 1117, on election by Fusion, in an amount of one hundred thousand dollars ($100,000.00) for each domain name found to constitute cybersquatting.

45. This is an exceptional case making Fusion entitled to an award of attorneys' fees under 15 U.S.C. § 1117.

C.   **Third Cause of Action: Unfair Competition Under Texas Law**

46. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 45 above.

47. This cause of action arises under the common law of the State of Texas and is proper before this Court pursuant to 28 U.S.C. § 1367(a).

48. Defendants, by their actions, have unfairly competed with Fusion and have infringed Fusion's common law rights in Fusion's trade mark and trade name, including Fusion's FUSION mark, in violation of the common law of the State of Texas.

49. Defendants' acts permit and accomplish confusion, mislead and deceive the public as to the source of origin of Defendants' goods and services (including the Websites), permit and accomplish pawning off of Defendants' goods and services (including the Websites)

as those of Fusion's, and falsely suggest a connection between Defendants' goods and services (including the Websites) and those of Fusion's, thus constituting acts of unfair competition with Fusion in violation of the common law of the State of Texas.

50. Defendants' acts have caused and will continue to cause Fusion irreparable harm unless enjoined by this Court. Fusion has no adequate remedy at law.

### D. Fourth Cause of Action: Business Disparagement Under Texas Law

51. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 50 above.

52. This cause of action arises under the common law of the State of Texas and is proper before this Court pursuant to 28 U.S.C. § 1367(a).

53. Defendants published false and disparaging words about Plaintiffs' business, both regarding Fusion and Court. These words were false, with actual malice, and published without privilege. These words have adversely affected the economic interests of Plaintiffs' business enterprise and caused actual pecuniary loss.

54. Defendants had actual knowledge of the falsity of the statements they published or acted with reckless disregard concerning the truth or falsity of such statements. Furthermore, Defendants acted with ill will toward Plaintiffs and intended for their conduct to interfere with the economic interests of Plaintiffs.

55. In addition to suffering actual pecuniary loss as a result of Defendants' conduct, Plaintiffs have suffered special damages and seek unliquidated damages within the jurisdictional limits of this Court.

56. Because Plaintiffs' injury resulted from Defendants' malice, Plaintiffs are entitled to recover exemplary damages pursuant to Texas Civil Practice & Remedies Code § 41.003(a).

### E. Fifth Cause of Action: Trademark and Trade Name Infringement Under Texas Law

57. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 56 above.

58.     This cause of action arises under the common law of the State of Texas and is proper before this Court pursuant to 28 U.S.C. § 1367(a).

59.     Defendants, by their acts, have infringed upon Fusion's common law rights in Fusion's trademarks and trade names, including Fusion's FUSION mark, and will continue to do so unless enjoined by this Court.

60.     Defendants' infringement of Fusion's trademarks and trade names, including Fusion's FUSION mark, has caused and will continue to cause actual damage to Fusion.

61.     Defendants' acts of infringement are intentional and willful.

62.     Defendants' acts have caused and will continue to cause Fusion irreparable harm unless enjoined by this Court.  Fusion has no adequate remedy at law.

**F.    Sixth Cause of Action: Injury to Trademark and Trade Name Under Texas Law**

63.     Plaintiffs repeat and reallege the allegations in paragraphs 1 through 62 above.

64.     This cause of action arises under the laws of the State of Texas and is proper before this Court pursuant to 28 U.S.C. § 1367(a).

65.     Defendants' use of the Infringing Domain Names and FUSION mark in connection with their business has willfully and knowingly injured Fusion.

66.     Defendants' acts set forth above dilute the distinctive quality of the FUSION mark in violation of Texas Business & Commerce Code § 16.29.

67.     Defendants will, unless enjoined by this Court, continue to cause injury to Fusion's business reputation.  Fusion has no adequate remedy at law.

**V.**

**DEMAND FOR JURY TRIAL**

68.     Plaintiffs hereby demand a jury for all issues so triable.

## VI.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Fusion Energy, LLC and William Scott Court respectfully request that the Court:

A. Enter a judgment that Defendants have violated the rights of Fusion in the FUSION mark in violation of 15 U.S.C. § 1125(d), 15 U.S.C. § 1114(1), 15 U.S.C. § 1125(a), TEX. BUS. & COMM. CODE § 16.29, and Texas common law;

B. Order that Defendants transfer every domain name they own which is identical or confusingly similar to the FUSION mark to Fusion;

C. Order that Defendants, their agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with Defendants, be preliminarily and permanently enjoined from the following activities:

   i. Registering, using, or trafficking in any domain name that is identical or confusingly similar to the FUSION mark;

   ii. Registering any domain name or maintaining any domain name registration without providing complete and accurate contact information, including Defendants' full legal name as the registrant; and

   iii. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs C(i) and C(ii);

D. Order that Defendants jointly and severally pay statutory damages under 15 U.S.C. § 1117(d), on election by Fusion, in an amount of One Hundred Thousand Dollars ($100,000) per domain name found to constitute cybersquatting;

E. Enter judgment against Defendants for actual, consequential, and compensatory damages suffered by Fusion and Court;

F. Enter judgment against Defendants for exemplary damages;

G. Enter judgment against Defendants for enhanced damages;

H. Order that Defendants jointly and severally pay Fusion's reasonable attorneys' fees, prejudgment interest, and costs of this action under 15 U.S.C. § 1117;

I. Order that Defendants engage in corrective advertising to the extent necessary to correct any consumer confusion or misperceptions resulting from Defendants' unlawful acts complained of above;

J.  Order that Defendants file with the Court and serve upon Plaintiffs a written report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and judgment within thirty (30) days after the service of the injunction and judgment upon Defendants; and

K.  Award Plaintiffs such other relief as may be appropriate.

DATED this 11th day of July, 2011.

Respectfully submitted,

*/s/ J. Robert Arnett II*
J. Robert Arnett II
Texas State Bar No. 01332900
barnett@munckcarter.com
Jeffrey M. McPhaul
Texas State Bar No. 24026871
jmcphaul@munckcarter.com
Jennifer Beth Ingram
Texas State Bar No. 24038972
jingram@munckcarter.com
Munck Carter, LLP
12770 Coit Road, Ste. 600
Dallas, Texas 75251
(972) 628-3600 Telephone
(972) 628-3616 Facsimile

COUNSEL FOR PLAINTIFFS
FUSION ENERGY, LLC AND
WILLIAM SCOTT COURT